UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

      Plaintiff,

vs.

FAMILY DOLLAR STORES OF
FLORIDA, LLC d/b/a Family Dollar #7341,
and PAUL JEREMIE

      Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Family Dollar Stores of Florida, LLC doing business as Family Dollar #7341 and Defendant Paul Jeremie for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Family Dollar Stores of Florida, LLC (also referenced as "Defendant Family Dollar," "operator," lessee" or "co-Defendant") is a foreign limited liability company registered in Florida, and is a subsidiary of Family Dollar Stores, Inc. which is subsidiary of Dollar Tree, Inc. The parent company is a NASDAQ publicly traded corporation on the S&P 100 and 500 components which operates 15,115 discount variety stores throughout the 48 contiguous United States and Canada. Parent company Dollar Tree, Inc. operates discount variety stores under the names "Dollar Tree," "Dollar Bills," and "Family Dollar."

6. Defendant Paul Jeremie (also referenced as "Defendant Jeremie," "lessor," "owner," or "co-Defendant") is the owner of real property identified as Folio 01-4103-026-0420 which is a commercial property containing a mixture of retail establishments with official addresses encompassing 1747 SW 8 Street and 1775 SW 8 Street. This property also includes 1795 SW 8th Street which is leased to co-Defendant Family Dollar which is operated as a Family Dollar discount variety store.

## FACTS

7. A portion of Defendant Jeremie's commercial property has been built out as a retail store and is identified as 1795 SW 8th Street, Miami, Florida 33135. At all times material hereto, this portion of Defendant Jeremie's property has been leased to co-Defendant Family Dollar (the lessee). The lessee in turn has operated its Family Dollar discount variety store within that leased space.

8. At all times material hereto, Defendant Family Dollar was (and is) a company owning and operating discount variety stores under the "Family Dollar" brand which are open to the public. Each of the Defendant's discount variety stores is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. §36.104(5).

9. As the operator of discount variety stores which are open to the public, Defendant Family Dollar is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a discount variety store; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

10. Defendant Family Dollar's discount variety store located at 1795 SW 8th Street, Miami, Florida 33135 is identified by Defendant as Family Dollar #7341. Because Family Dollar #7341 is open to the public, it is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(E) since discount variety stores meet the definition of "other" sales establishment. Family Dollar #7341 is also referenced as a "discount variety store," "store," or "place of public accommodation."

11. Due to the close proximity to Plaintiff's home to the Family Dollar #7341 store, on May 8, 2021 Plaintiff went to that store with the intent of purchasing items for his home.

12. When parking within close proximity of the store, Plaintiff encountered barriers to entry. Later, while Plaintiff was shopping, he went to the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

13. Due to the inaccessible features, Plaintiff has been denied full and equal access by the operator/lessee of that discount variety store (Defendant Family Dollar) and by the owner/lessor of the commercial property which houses the discount variety store (Defendant Jeremie).

14. On information and belief, Defendant Family Dollar is well aware of the ADA and the need to provide for equal access in all areas of its discount variety stores. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Family Dollar #7341 discount variety store is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

15. As the owner of commercial real property which is operated as a discount variety store open to the public, Defendant Paul Jeremie is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). As an investor and owner of commercial property being used as a public accommodation, Defendant Jeremie should be well aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Therefore, Defendant Jeremie's failure to

reasonably accommodate mobility impaired and disabled patrons by insuring that its Family Dollar #7341 discount variety store is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize the Family Dollar #7341 located at 1795 SW 8th Street, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the Family Dollar #7341 located at 1795 SW 8th Street, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers therein. Therefore, Plaintiff has suffered an injury in fact.

23. Defendant Family Dollar (operator of the Family Dollar store at 1795 SW 8th Street) and Defendant Jeremie (lessor of the at 1795 SW 8th Street property housing the Family Dollar #7341 store) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the discount variety store, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Family Dollar #7341 discount variety store.

25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. The commercial space which is owned by Defendant Jeremie is leased to Defendant Family Dollar and is operated as a Family Dollar store. This commercial space is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner and the lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

 i. As to Defendant Family Dollar (lessee/operator) and Defendant Jeremie (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting the vehicle, as the designated accessible parking spaces have a broken surface and changes in level which creates an excessive slope where the slopes are over 2.1%. Failure to provide accessible means of egress from the parking to the retail store due to the uneven surface /slope of the parking lot is in violation of 2010 ADA Standards for Accessible Design Section 207.1 and Section 403.3 which states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped.  See also Section 4.6.3 of the ADAAG which states that

parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

ii. As to Defendant Family Dollar (lessee/operator) and Defendant Jeremie (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty parking his vehicle, as the designated accessible parking spaces do not have the required striping. Accessible parking spaces are not outlined in blue and/or need re-striping, in violation of Section FBC§11-4.6 and Florida Code §502.2.

iii. As to Defendant Family Dollar (lessee/operator) and Defendant Jeremie (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the lavatory without assistance, as the pull strength needed to open the door was too great since Plaintiff is uses a wheelchair. Failure to provide accessible entry to the public restroom due to the excessive weight of the door at the restroom entrance is in violation of 28 C.F.R. Part 36, Section 4.13.11(b); 2010 ADA Standards for Accessible Design, which states that the door opening force for interior hinged doors shall not exceed 5 lbf (22.2N). The door represents an insurmountable barrier to independent entry to the restroom by the Plaintiff and other individuals who use wheelchairs.

iv. As to Defendant Family Dollar (lessee/operator) and Defendant Jeremie (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the restroom area without assistance, as the required maneuvering clearance on the push side of the door is not provided. This is a violation of 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications

    shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

v. As to Defendant Family Dollar (lessee/operator) and Defendant Jeremie (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can). The fact that the trash bin is encroaching over the accessible water closet clear floor space is a violation of Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards for Accessible Design.

vi. As to Defendant Family Dollar (lessee/operator) and Defendant Jeremie (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 of the 2010 ADA Standards for Accessible Design which states that the grab bar shall be 36 in (915 mm) minimum above the finished floor.

vii. As to Defendant Family Dollar (lessee/operator) and Defendant Jeremie (owner/lessor of the property) (jointly and severally), Plaintiff could not use the soap dispenser without assistance, as the lavatory soap dispenser is at an inaccessible height, in violation of 28 C.F.R. Part 36, Section 308 of the 2010 ADA Standards for Accessible Design, and Code Section §606.1.

28. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendants are required to make the Family Dollar #7341 discount variety store commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

29. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the discount variety store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Paul Jeremie (owner and lessor of the commercial property) and Defendant Family Dollar Stores of Florida, LLC (lessee and operator of Family Dollar #7341) and requests the following relief:

    a) The Court declare that Defendants have violated the ADA;

    b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

    c) The Court enter an Order requiring Defendants alter the 1795 SW 8th Street commercial property and Family Dollar store located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

    d) The Court award reasonable costs and attorneys fees; and

    e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 24th day of June 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*

11